**The MULTI VIDEO GROUP, LTD.,**
**Plaintiff–Appellant,**

v.

**Bennet CANARICK, Defendant–**
**Appellee.**

**Docket No. 02–7028.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2002.

Leonard N. Shapiro, Law Office of Leonard & Robert Shapiro, New York, NY, for Appellant.

James M. Felix, Kilhenny & Felix, New York, NY, for Appellee.

Present MESKILL, SACK, and KATZMANN, Circuit Judges.

The plaintiff, The Multi Video Group, Ltd. ("MVG") appeals a December 19, 2001 order and opinion of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ), which granted the motion of the defendant Bennet Canarick for summary judgment and dismissed the complaint. The complaint alleged breach of contract. On appeal, the plaintiff argues that the district court (1) misread the plain meaning of the contract and (2) improperly applied the Employee Retirement Security Act of 1974, 88 Stat. 832, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), to the complaint.

The facts are not disputed by the parties. MVG is a corporation under the laws of the State of New York. Prior to May 22, 1995, defendant Bennet Canarick and David Binstock were the two sole principals of MVG. On May 22, 1995, Canarick, Binstock, and MVG entered into a written agreement ("Agreement") and executed certain releases ("Releases"). Under the Agreement, Canarick sold his stock to MVG, and resigned from MVG, in exchange for $450,000.

Prior to May 25, 1995, MVG had established an employee pension plan, known as "The Multi Video Group, Ltd. Pension Trust" ("Plan"). Nova Actuarial Services, which administers the Plan, has determined that as of May 25, 1995, the Plan had a deficiency of $222,146.06.

In its complaint, MVG alleged that Canarick was liable for half of the Plan's deficiency, or $111,073.03. Canarick denied this assertion and moved for summary judgment. The district court concluded that Canarick was not personally liable for contributions under the Plan, and that neither the Agreement nor the Releases imposed any new pension obligations upon Canarick. Accordingly, the court granted summary judgment for the defendant.

We review the district court's grant of summary judgment *de novo. Ricciuti v. New York City Transit Auth.,* 124 F.3d 123, 127 (2d Cir.1997). In deciding a summary judgment motion, "the district court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Hemphill v. Schott,* 141 F.3d 412, 415 (2d Cir.1998).

A thorough review of the record reveals that the district court's factual findings and legal conclusions were correct. The Agreement and the Releases clearly release the defendant from all prior obligations. In the relevant passages, they do not impose any new obligations upon the defendant at all.

The district court did not improperly apply ERISA to the plaintiff's complaint. The court read the language of the Agreements, the Releases, and the Plan, and concluded that the plain language of these instruments did not impose any relevant obligations upon the defendant. In doing so, the court rejected the plaintiff's contract claim on the merits.

Before dismissing the complaint, the court further considered whether any obligations may have been imposed upon the defendant by other contracts, statutes, or principles of corporate law. Such considerations were not misapplications of law. On the contrary, they were attempts to draw all reasonable inferences in the plaintiff's favor. The district court ultimately concluded that, under any theory of liability, the plaintiff's complaint lacked merit. We agree.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.